UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FERIEW KIDANE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GARY DIXON and, )<br>K & B TRANSPORTATION, INC. )<br>)<br>Defendants. ) | Case No. _____<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

In accordance with the provisions of 28 U.S.C. § 1441, *et seq.*, notice is given as follows:

1. Defendants Gary Dixon ("Dixon") and K & B Transportation, Inc. ("K & B Transportation") remove this action from the Circuit Court of Fayette County, Illinois (the "State Court") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is warranted under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000. In support of this Notice, Dixon and K & B Transportation state as follows:

## BACKGROUND

2. On November 12, 2019, Plaintiff filed her Complaint in the Circuit Court of Fayette County, Illinois, against Defendants Gary Dixon and K & B Transportation, Inc., as Case No. 19-L-11 (the "State Court Action").

3. In the Complaint, Plaintiff alleges that a motor-vehicle accident occurred in Fayette County, Illinois, on December 6, 2017. According to the Complaint, Feriew Kidane was operating a tractor-trailer in an easterly direction on Interstate 70 and Gary Dixon was operating a tractor-trailer unit within the course and scope of his employment and/or agency with K & B

Transportation in the same direction on Interstate 70. Plaintiff. Complaint ¶¶ 1-3. According to the Complaint, there was a motor-vehicle accident involving Kidane and Dixon's vehicles. A copy of all pleadings, orders, and other documents on file in the state court is attached hereto as "Exhibit A."

4. The Complaint contains separate negligence claims against Gary Dixon and K & B Transportation. Count I sets forth a negligence claim against Gary Dixon, with a number of negligent acts specifically alleged. Complaint, Count I, ¶ 8. In Count II, Plaintiff asserts that, essentially, K & B Transportation is vicariously liable for the alleged negligent acts of its alleged agent, servant, and/or employee, Gary Dixon. Complaint, Count II, ¶ 8.

5. As a result of this motor-vehicle accident, Plaintiff alleges that he "suffered serious personal injuries; was required to seek extensive medical consultation and treatment; has expended great sums of money to be healed…" Complaint, Count I, ¶ 9; Count II, ¶ 9.

6. In addition to the physical injuries identified in the Complaint, Plaintiff also claims damages because he has "suffered great pain, anguish, and physical and mental suffering." Complaint, Count I, ¶ 9; Count II, ¶ 9.

7. Along with her Complaint, Plaintiff submitted an Affidavit, made pursuant to Illinois Supreme Court Rule 222(b), stating that "this cause of action does exceed $50,000." *See* Affidavit of David Brody, Attorney for Plaintiff, *attached as* Exhibit B.

8. Defendants were served with the State Court Action no more than 30 days before the filing of this Notice of Removal.

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

9. The Circuit Court for Fayette County, the court in which this action is pending, is located within the jurisdiction of the United States District Court for the Southern District of

Illinois. *See* 28 U.S.C. § 105(a)(1). Venue is therefore proper in this Court, pursuant to 28 U.S.C. § 1441(a).

10. Pursuant to the provisions of 28 U.S.C. § 1446(d), Defendants Gary Dixon and K & B Transportation will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of Fayette County, and will serve a copy of the same upon counsel for Plaintiff Kidane.

11. As noted above, pursuant to 28 U.S.C. § 1446(a), a full copy of the State Court file—including all process, pleadings, and orders that have been served upon Defendants—is attached as Exhibit A.

## DIVERSITY OF CITIZENSHIP EXISTS

12. The Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### *The Parties Are Citizens of Different States*

13. Feriew Kidane is, and was at the time this action was filed, a citizen and resident of the State of Texas.

14. Defendant Gary Dixon is, and was at the time this action was filed, a citizen and resident of the State of Michigan.

15. Defendant K & B Transportation, Inc. is, and was at the time this action was filed, incorporated in the State of Iowa with its principal state of business in the State of Nebraska.

16. Thus, based on the information available, diversity is complete as Plaintiff Kidane is a citizen and resident of Texas, Defendant Dixon is a citizen and resident of Michigan, and Defendant K & B Transpiration is a resident and citizen of Iowa and Nebraska.

### *The Amount in Controversy Exceeds $75,000*

17. Plaintiff seeks to recover an amount in excess of $75,000, exclusive of costs and interests in her case against Gary Dixon and K & B Transportation.

18. Plaintiff's Complaint does not contain an *ad damnum* clause, instead seeking "such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for her injuries, losses and damages…"

19. A defendant who "removes a suit in which the complaint lacks an *ad damnum* must establish a 'reasonable probability' that the amount in controversy exceeds $75,000." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cit. 2006) (internal citations omitted).

20. The proper analysis in deciding whether the amount in controversy exceeds $75,000 is determining "what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Sargent v. Cassens Corp.*, 2007 WL 1673289, *9 (S.D. Ill. June 7, 2007) (quoting *Rising-Moore*, 435 F.3d at 816).

21. Defendants need only meet this burden by "a preponderance of the evidence." *Id*. (quoting *Meridian Secur. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). "Once the facts have been established ... [o]nly if it is legally certain that the recovery . . . will be less than the jurisdictional floor" may the case be remanded. *Id*. (quoting *Meridian Secur. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). Put simply, "removal is proper if the defendant's estimate of the stakes is plausible." *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004).

22. When a plaintiff's complaint does not specifically state the amount in controversy, a defendant may point to relevant evidence to satisfy their burden of establishing an amount in controversy greater than $75,000.00. *See Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d

4

424, 427–28 (7th Cir. 1997) (recognizing that, in such cases, "the district court may look outside the pleadings to other evidence of jurisdictional amount in the record").

23. Additionally, when a plaintiff's pleadings are silent on the amount in controversy, a court may consider recent jury verdicts in similar cases to determine the actual amount in controversy. *See, e.g., O'Shea v. Walt Disney World Co.*, 2003 WL 22533661, at *2 (N.D. Ill. 2003).

24. As a result of Feriew Kidane's alleged injuries, Plaintiff's counsel filed an affidavit stating the Plaintiff seeks damages in excess of $50,000.00. *See* Aff. of David A. Brody, attached as Exhibit B. Because of the alleged severity of the injuries Plaintiff described, it is readily apparent that the damages claimed by Plaintiff exceed $75,000.

25. Specifically, Plaintiff alleges she "was required to seek **extensive medical consultation** and treatment" and has "**expended great sums of money** to be healed." Complaint, Count I, ¶ 9; Count II, ¶ 9 (emphasis added).

26. Plaintiff further alleges that she "**suffered great pain**, anguish, and physical and mental suffering." Complaint, Count I, ¶ 9; Count II, ¶ 9 (emphasis added).

27. In *Reaves v. Kuresevich*, 2013 WL 3936444 (S.D. Ill.), which involved personal injuries from a trucking accident, the plaintiff was awarded a total verdict of $2.2 million.

28. In *Smith v. Memingway*, 2006 WL 4552912 (Madison County, Illinois 2006), which also involved personal injuries from a trucking accident, the jury awarded the plaintiff a total of $700,000.

29. And in *JBS Carriers v. EJA Trucking*, 2016 WL 7491299 (S.D. Ill. 2016), the jury returned a verdict of $5,625,000.

30. In this case, the jury need return a verdict only a fraction of the size of those referenced above for the jurisdictional requirement of $75,000 to be established.

31. Based on the above, Defendants have demonstrated by a preponderance of the evidence that this Court has jurisdiction of over the subject matter.

32. Because (i) there is diversity of citizenship between the parties and (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has original jurisdiction under 28 U.S.C. § 1332. Accordingly, Defendants Gary Dixon and K & B Transportation, Inc. are entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the Southern District of Illinois.

## CONCLUSION

33. For these reasons, this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and this action may be removed from the Circuit Court of Fayette County, Illinois, and brought before the United States District Court for the Southern District of Illinois, pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendants Gary Dixon and K & B Transportation, Inc. give notice that the action styled *Feriew Kidane v. Gary Dixon and K & B Transportation, Inc.,* Case No. 19-L-11 is removed to the United States District Court for the Southern District of Illinois and request that said district court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

**DEFENDANT, PURSUANT TO RULE 38, FURTHER REQUESTS A TRIAL BY JURY ON ALL COUNTS OF PLAINTIFF'S COMPLAINT.**

Respectfully submitted,

HEPLERBROOM LLC

By: /s/ Adam McGonigle
MICHAEL REDA                      #6184782
mreda@heplerbroom.com
ADAM MCGONIGLE                    #6315569
asm@heplerbroom.com
130 North Main Street
P.O. Box 510
Edwardsville, Illinois 62025
Telephone: (618) 656-0184
Fax: (618) 656-1364
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of December, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ Adam McGonigle